UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUELINE DELGADO,

    Plaintiff,                                  Civil Action No. 21-CV-11401

vs.                                             HON. BERNARD A. FRIEDMAN

EMORTGAGE FUNDING LLC,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR PARTIAL RECONSIDERATION**

This matter is presently before the Court on defendant's motion for partial reconsideration (ECF No. 16) of the Court's October 13, 2021, opinion and order denying defendant's motion to dismiss and/or strike certain allegations from plaintiff's amended complaint ("FAC"). Pursuant to E.D. Mich. LR 7.1(h)(2), the Court shall decide this motion without a hearing and without permitting plaintiff to respond. For the following reasons, the Court shall deny the motion.

This is a Telephone Consumer Protection Act ("TCPA") case. Plaintiff alleges that between May 4 and May 14, 2021, she received twenty-four unsolicited calls on her home telephone, which has been registered on the National Do Not Call Registry since June 2006. *See* FAC ¶¶ 28, 30-44. All of the calls were from the same number. *See id.* ¶ 44. Plaintiff did not answer many of the calls and many others disconnected following a short period of silence. *See id.* ¶¶ 31-44. However, on the two occasions when plaintiff did speak with the caller, he or she attempted to promote mortgage services. *See id.* ¶¶ 37, 42-43. Plaintiff alleges that on one of these two occasions she feigned interest in the services being promoted and was transferred to

a second individual who indicated that he or she worked for defendant and provided plaintiff with defendant's telephone number and street address. *See id*. ¶ 43. Plaintiff further alleges that she received fourteen of the twenty-four calls after she requested that the calls stop. *See id*. ¶¶ 38-44. Plaintiff's experience allegedly mirrors that of other consumers. *See id*. ¶¶ 20-21. Plaintiff's complaint includes two claims on behalf of herself and two proposed classes. Count I asserts a violation of 47 C.F.R. § 64.1200(c) ("DNC registry claim") and Count II asserts a violation of § 64.1200(d) ("internal DNC claim").[1] On October 13, 2021, the Court issued an opinion and order denying defendant's motion to dismiss and/or strike certain allegations from

---

[1] The TCPA authorizes the Federal Communications Commission ("FCC") to promulgate regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). In relevant part, the FCC's regulations state:

> No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. [("DNC registry provision")].

\* \* \*

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. [("internal DNC provision")].

§ 64.1200(c)(2), (d). Pursuant to § 227(c)(5), "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection [of the TCPA]" may bring a claim in state or federal court. *See Mims v. Arrow Fin. Servs.*, 565 U.S. 368, 371-72 (2012).

plaintiff's amended complaint.

In the instant motion defendant requests that the Court reconsider its ruling only "with respect to whether Plaintiff's FAC sufficiently alleges facts supporting claims of direct and vicarious liability under the [TCPA]." Def.'s Mot. at 1. Defendant contends that the Court's ruling as to vicarious liability is erroneous because (1) "Plaintiff did not address eMortgage's vicarious liability arguments or supporting authorities at all, focusing only on direct liability," and therefore effectively conceded this claim, Def.'s Br. at 8 (emphasis omitted); (2) plaintiff "expressly abandoned her vicarious TCPA liability claim in this case [by] vehemently pos[i]ting in her Opposition brief that 'the only party alleged [in her FAC] to have any involvement in the [at-issue] calls' was eMortgage," *id.* at 10 (emphasis omitted); and (3) "courts in the Sixth Circuit and elsewhere have uniformly dismissed conclusory vicarious TCPA liability claims like Plaintiff's at the pleading stage." *Id*. at 11. Defendant contends that the Court's ruling on direct TCPA liability is also erroneous because plaintiff failed to adequately allege that "eMortgage itself 'initiated' (*i.e.,* physically placed) any calls within the meaning of the TCPA, only that unidentified third parties possibly did." *Id*. at 13. Finally, defendant states that correcting these purported defects "will undoubtedly result in a different disposition of this case." *Id*. at 16.

Local Rule 7.1(h)(3) of the Eastern District of Michigan provides that

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

3

"A palpable defect is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (internal quotation marks omitted).

Defendant has not identified a palpable defect in the Court's opinion and order. Defendant's arguments regarding the conclusory and/or inadequate nature of plaintiff's allegations merely present the same issues already ruled upon by the Court. In its opinion and order, the Court concluded that "plaintiff's amended complaint states a plausible claim for relief under both the TCPA's DNC registry and internal DNC provisions." Op. & Order at 8. Specifically, the Court stated that "plaintiff has sufficiently alleged that, on more than one occasion during a twelve-month period, defendant or its agent(s) initiated telephone solicitations to her residential telephone, despite having registered this number on the DNC registry and despite having asked defendant to stop calling." *Id.* In reaching this conclusion, the Court assessed plaintiff's allegations and found them to be neither conclusory nor inadequate.

Defendant cites one case from the Sixth Circuit, *Lucas v. Telemarketer Calling from (407) 476-5680*, No. 18-3633, 2019 WL 3021233 (6th Cir. May 29, 2019), and one case from this district, *Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 WL 1515852 (E.D. Mich. Apr. 18, 2014), in support of its argument. Both cases are distinguishable from the instant dispute. In *Lucas*, the Sixth Circuit affirmed the district court's dismissal of plaintiff's TCPA claims, which were based on a theory of vicarious liability. The Sixth Circuit held that "knowingly assisting telemarketers," as plaintiff alleged defendants had done, did not amount to the "formal agency," "apparent authority," or "ratification" necessary to allege a

TCPA violation under a vicarious liability theory. *Lucas*, 2019 WL 3021233, at *5-6. In *Wallack*, another judge in this district concluded that plaintiff's TCPA claims were subject to dismissal because plaintiff "simply accuse[d] Defendant of making '[h]ar[ ]assing calls to my cellular phone in violation of the TCPA'" and failed to respond to defendant's motion to dismiss. *Wallack*, 2014 WL 1515852, at *2-3. The court noted that plaintiff's complaint "lack[ed] any factual allegations that would support a finding in his favor." *Id*. at *3. The facts of the instant case are different from those of either *Lucas* or *Wallack.* Plaintiff's amended complaint includes various allegations in support of her two TCPA claims. As the Court summarized,

> (1) on at least two occasions she received telemarketing calls during which the caller solicited mortgage services; (2) on at least one of those occasions she spoke with someone who identified him- or herself as a representative of defendant; (3) her experience mirrored that of other consumers who received unsolicited calls from defendant; and (4) she continued to receive calls despite twice requesting that the calls cease.

Op. & Order at 5. Based on these factual allegations, plaintiff asserted that defendant, or an agent acting on its behalf, violated the TCPA. In its opinion and order this Court concluded that plaintiff provided sufficient factual support to overcome a motion to dismiss. Defendant's arguments to the contrary are simply an attempt to reargue issues already decided by this Court.

Defendant's other argument, that plaintiff expressly or effectively abandoned her vicarious TCPA liability claim, similarly fails to identify a palpable defect. First, defendant contends that the Court erroneously overlooked the fact that "plaintiff expressly abandoned her vicarious TCPA liability claim in this case [by] vehemently pos[i]ting in her Opposition brief

5

that 'the only party alleged [in her FAC] to have any involvement in the at-issue calls' was eMortgage." Def.'s Br. at 10 (emphasis omitted).  However, defendant has taken this quotation out of context.  In the preceding paragraph, plaintiff argued that in the majority of the cases cited in eMortgage's motion to dismiss,

> the plaintiffs' pleadings were deficient either because [(1)] they failed to distinguish between the conduct of various named-defendants in alleging that all of the defendants initiated the calls to them and/or (2) they failed to allege why they believed the telephone numbers they were called from were the defendant's telephone numbers.

Pl.'s Dismiss Resp. Br. at 9-10.  In stating that eMortgage is the only party at issue in this case, plaintiff drew a distinction between her own allegations and those made in the cases cited by defendant in its motion to dismiss.  In doing so, she did not concede or abandon either of her two claims.

Moreover, even if plaintiff's brief in opposition to defendant's motion to dismiss focused more heavily on direct, rather than vicarious, liability, this does not make the Court's opinion and order palpably defective.  Courts routinely conclude that a party has abandoned a claim when it goes undefended in opposition to a dispositive motion.  *See, e.g.*, *Rouse v. Caruso*, No. 06-10961, 2011 WL 91 8327, at *18 (E.D. Mich. Feb. 18, 2011), *report and rec. adopted*, 2011 WL 893216 (E.D. Mich. Mar. 14. 2011) (plaintiffs failed to address one of their claims for relief in their response to defendants' motion for judgment on the pleadings); *Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 838-39 (E.D. Mich. 2016) (plaintiffs failed to address four of their claims for relief in response to defendant's motion to dismiss).  However, plaintiff's amended complaint does not assert claims under "vicarious" or "direct" TCPA liability.  Rather,

6

the complaint raises two alleged TCPA violations for which defendant may be held directly or vicariously liable. *See Lucas*, 2019 WL 3021233, at *5. There was no "vicarious TCPA liability" claim for plaintiff to defend nor was there such a claim for the Court to dismiss. Plaintiff defended both her DNC registry claim and her internal DNC claim in her opposition brief and the Court determined that her claims were sufficiently pled to overcome defendant's motion to dismiss. Under the circumstances, there is nothing palpably defective with this conclusion. Accordingly,

        IT IS ORDERED that defendant's motion for partial reconsideration (ECF No. 16) is denied.

                                    s/Bernard A. Friedman
                                    BERNARD A. FRIEDMAN
Dated:  November 8, 2021        SENIOR UNITED STATES DISTRICT JUDGE
        Detroit, Michigan