UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUELINE DELGADO,

    Plaintiff,                                               Civil Action No. 21-CV-11401

vs.                                                      HON. BERNARD A. FRIEDMAN

EMORTGAGE FUNDING LLC,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION OF THE COURT'S NOVEMBER 8, 2021, ORDER FOR INTERLOCUTORY APPEAL AND FOR A STAY OF PROCEEDINGS**

This matter is presently before the Court on defendant's motion for certification of the Court's November 8, 2021, order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for a stay of proceedings. (ECF No. 21). Plaintiff has responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the following reasons, the Court shall grant the motion.

The Court previously summarized the facts of this case as follows:

> This is a Telephone Consumer Protection Act ("TCPA") case. Plaintiff alleges that between May 4 and May 14, 2021, she received twenty-[two] unsolicited calls on her home telephone, which has been registered on the National Do Not Call Registry since June 2006. [(ECF No. 8, ¶¶ 28, 30-44)]. All of the calls were from the same number. [(*Id.*, ¶ 44)]. Plaintiff did not answer many of the calls and many others disconnected following a short period of silence. [(*Id.*, ¶¶ 31-44)]. However, on the two occasions when plaintiff did speak with the caller, he or she attempted to promote mortgage services. [(*Id.*, ¶¶ 37, 42-43)]. Plaintiff alleges that on one of these two occasions she feigned interest in the services being promoted and was transferred to a second individual who indicated that he or she worked for defendant and provided plaintiff with defendant's telephone

number and street address. [(*Id*. ¶ 43)]. Plaintiff further alleges that she received fourteen of the twenty-[two] calls after she requested that the calls stop. [(*Id*. ¶¶ 38-44)]. Plaintiff's experience allegedly mirrors that of other consumers. [(*Id*. ¶¶ 20-21)]. Plaintiff's complaint includes two claims on behalf of herself and two proposed classes. Count I asserts a violation of 47 C.F.R. § 64.1200(c) ("DNC registry claim") and Count II asserts a violation of § 64.1200(d) ("internal DNC claim").[1] On October 13, 2021, the Court issued an opinion and order denying defendant's motion to dismiss and/or strike certain allegations from plaintiff's amended complaint.

_____

[1] The TCPA authorizes the Federal Communications Commission ("FCC") to promulgate regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). In relevant part, the FCC's regulations state:

> No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. [("DNC registry provision")].

＊ ＊ ＊

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. [("internal DNC provision")].

§ 64.1200(c)(2), (d). Pursuant to § 227(c)(5), "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations

> prescribed under this subsection [of the TCPA]" may bring a claim in state or federal court. *See Mims v. Arrow Fin. Servs.*, 565 U.S. 368, 371-72 (2012).

Defendant subsequently requested that the Court reconsider its ruling only "with respect to whether Plaintiff's FAC sufficiently alleges facts supporting claims of direct and vicarious liability under the [TCPA]." (ECF No. 16, PageID.213). The Court denied that motion in a November 8 opinion and order. (ECF No. 17). It is this order that defendant now seeks to appeal.

## I. Defendant's Motion for Certification for Interlocutory Appeal and for a Stay

In the instant motion, defendant contends that the Court's November 8 opinion and order warrants immediate appellate review. (ECF No. 21, PageID.266). Defendant states that

> in its Order, the Court declined to reconsider its denial of eMortgage's motion to dismiss Plaintiff's FAC, primarily on the grounds that: (1) "[P]laintiff asserted that defendant [eMortgage], or an agent acting on its behalf, violated the TCPA"; and (2) the FAC "does not assert claims under 'vicarious' or 'direct' TCPA liability" and instead "raises two alleged TCPA violations for which [eMortgage] may be held directly or vicariously liable." Yet, numerous, if not the majority of, other federal district courts have ruled differently and, in stark contrast to this Court's Order, have uniformly held that (1) plaintiffs must "assert claims under [a] 'vicarious' or 'direct' TCPA liability" theory; and (2) merely alleging the "defendant, or an agent acting on its behalf, violated the TCPA" without pleading specific non-conclusory facts supporting either theory is insufficient to do so under federal pleading standards.

(*Id.*, PageID.266-67) (citations omitted). Defendant argues that (1) the Court's order involves controlling questions of law; (2) substantial differences of opinion exist as to these questions of law; and (3) an immediate appeal would advance the ultimate resolution of this case, as it

3

might be subject to dismissal under Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1). (*Id*., PageID.267-69). Defendant contends that an interlocutory appeal is therefore warranted in this case. Defendant further requests that if the Court grants its motion for certification for interlocutory review, the case be stayed pending the outcome of the appellate proceedings. (*Id*., PageID.282-83).

In response, plaintiff concedes that the Court's order involves controlling questions of law. However, she argues that "there are no exceptional circumstances warranting immediate appellate review and immediate appellate review will not advance resolution of this case because there is no substantial ground for difference of opinion regarding the Court's findings that Plaintiff adequately alleges eMortgage's direct or vicarious liability under the [TCPA]." (ECF No. 24, PageID.293). Plaintiff contends that for these reasons, interlocutory review would be inappropriate in this case.

## II. Legal Standard

Interlocutory review pursuant to § 1292(b)[1] is warranted only if "(1) the order

---

[1] Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, [t]hat application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof

involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). "[M]ixed questions of fact and law are treated as questions of law for purposes of an interlocutory appeal." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875 (E.D. Mich. 2012). Further, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d at 250. *See also Kraus v. Bd. of Cnty. Road Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966) (stating that "Congress intended that section 1292(b) . . . be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation").

**III. Analysis**

Because plaintiff does not dispute that the Court's November 8 opinion and order involves controlling questions of law,[2] the Court will begin with the second prong of the three-

---

shall so order.

[2] Moreover, the Court agrees that its order involves controlling questions of law.

> The Sixth Circuit has . . . set a low bar for a determination that a question of law is controlling in the context of a motion for certification under § 1292(b). All that must be shown in order for a question to be controlling is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court.

*Newsome*, 873 F. Supp. 2d at 875-76 (internal quotation marks omitted). Resolution of the issue – whether plaintiff sufficiently pled her TCPA claims – on appeal could materially affect the outcome of the litigation before this Court. Therefore, the Court's order satisfies the first prong of the test for certification for interlocutory appeal.

prong test for certification for interlocutory appeal: whether a substantial ground for difference of opinion exists regarding the correctness of the Court's decision. "Substantial ground for a difference of opinion" means that

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*Newsome*, 873 F. Supp. 2d at 876 (internal quotation marks omitted).

Defendant states that one case, *Lucas v. Telemarketer Calling from (407) 476-5680*, No. 18-3633, 2019 WL 3021233 (6th Cir. May 29, 2019), appears to be the only "applicable binding decision from the Sixth Circuit to date on the necessity of and standards for adequately pleading direct or vicarious TCPA liability for alleged unlawful calls or texts." (ECF No. 21, PageID.274). Defendant adds that "[t]he only other binding opinions relevant to direct or vicarious TCPA liability were decided at the summary judgment stage and/or involve faxes (which have different liability standards than TCPA call/text cases) and, thus, are not applicable for present purposes." (*Id.*, n.6) (emphasis in original). Although plaintiff contends that "[a] Lexis Nexis search for the terms 'TCPA' and 'vicarious liability' returns over 500 results, including more than 75 opinions from the Sixth Circuit" (ECF No. 24, PageID.294 n.1), she has failed to cite additional binding precedent on the particular issue before the Court. Nor is the Court aware of any. Because there is so little relevant precedent on the pleading standard for TCPA call/text claims, the Court concludes that a substantial ground for difference of opinion exists in this case.

6

The Court also concludes that an interlocutory appeal will materially advance the ultimate termination of the litigation. "An interlocutory appeal materially advances the litigation when it save[s] judicial resources and litigant expense." *Newsome*, 873 F. Supp. 2d at 878 (internal quotation marks omitted). "Interlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens. . . . [T]he role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made." *Cerjanec v. FCA US, LLC*, No. 17-10319, 2018 WL 7152556, at *3 (E.D. Mich. Sept. 4, 2018). The present case is only at the pleading stage. The parties have not engaged in discovery, nor is the case nearing trial. If the Sixth Circuit finds that plaintiff has failed to meet the TCPA's pleading standard for alleged unlawful calls or texts, the case would be subject to dismissal, thereby materially advancing the ultimate termination of the litigation.[3] "It would be a waste of resources for the parties to engage in extensive, costly, and time-consuming class action discovery on a claim or claims that may ultimately be dismissed." *Id*. The third and final factor for certification for interlocutory appeal is therefore met. Accordingly,

IT IS ORDERED that defendant's motion for certification of this Court's

---

[3] Although plaintiff does not concede this final prong of the three-prong test for certification for interlocutory appeal, she does not clearly dispute it. Rather, plaintiff contends that "immediate appellate review will not advance resolution of this case because there is no substantial ground for difference of opinion regarding the Court's findings that Plaintiff adequately alleges eMortgage's direct or vicarious liability under the [TCPA]." (ECF No. 24, PageID.293). Because the Court has determined that there is a substantial ground for difference of opinion on this issue, appellate review may in fact advance resolution of this case.

November 8, 2021, order for interlocutory appeal (ECF No. 21) is granted.

IT IS FURTHER ORDERED that the case be stayed pending the outcome of the appellate proceedings.

                                              s/Bernard A. Friedman
                                              BERNARD A. FRIEDMAN
Dated: January 25, 2022              SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan